# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

MICHAEL REILLY,

        **Plaintiff,**

-vs-                          Case No. 2:09-cv-363-FtM-29DNF

MARLYN HARVIN and ROBIN WEHLE,
OFFICE OF COMMUNITY
CORRECTIONS,

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **AFFIDAVIT OF INDIGENCY CONSTRUED AS A MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 4)** |
| **FILED:** | **June 16, 2009** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** and this action be dismissed.

The Plaintiff, Michael Reilly is requesting leave to proceed *in forma pauperis* which is without the prepayment of fees or costs. As the Court explained it is Order (Doc. 5) entered on June 25, 2009, when an application is filed to proceed *in forma pauperis*, the Court is obligated to review the file pursuant to Title 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires the Court to dismiss the case if it determines that the action is frivolous or malicious; if it fails to state a claim upon which relief may

-1-

be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915. *Pro se* complaints should be held to a less stringent standard than pleadings drafted by attorneys. *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976[1]).

In its prior Order (Doc. 5), the Court required the Plaintiff to file an Amended Complaint. The Plaintiff complied and filed his Amended Complaint in the Affidavit for Injunction Hearing [sic] (Doc. 6) on July 6, 2009. In the Amended Complaint, the Plaintiff asserts that he was released from incarceration on March 5, 2008 by an Order entered by the Honorable Thomas Reese. (Amended Com[2]. p. 4). The Order quoted by the Plaintiff states that a Violation of Probation Warrant was dismissed. (Amended Com. p. 4). He asserts that the Order entered contains no provision for reinstating probation or continuing probation and therefore, his probation ended. (Amended Com. p. 4). On March 10, 2008, the Defendant, Probation Officer Robin Wehle filed an Affidavit, Violation of Probation which alleged that the Plaintiff violated his probation. (Amended Com. p. 5, and Exhibits to original Com. p. 2). The Plaintiff asserts that Probation Officer Wehle misrepresented the total time of his incarceration for his last violation of probation and that it exceeded the guidelines sentence. (Amended Com. p. 6). The Plaintiff contends that Probation Officer Wehle was aware that there was no reinstatement of probation and that the pretrial incarceration exceeded the guidelines, yet still completed the Affidavit, Violation of Probation. (Amended Comp. p. 8). The Plaintiff argues that Probation Office Wehle was not performing a legitimate job-related function when he issued this

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir., 1981) (*en banc*),the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2] "Amended Com." refers to the Amended Complaint in the Affidavit for Injunction Hearing (Doc. 6).

Affidavit. (Amended Com. p. 8). The Plaintiff asserts that Probation Officers Robin Wehle and Marilyn Harvin refused to follow Florida Law. (Amended Comp. p. 10). Probation Officer Harvin told the Plaintiff that she would continue to enforce the probation and require him to comply. (Amended Com. p. 12). The Plaintiff did attach a copy of a transcript of a hearing before the Honorable Edward Volz on June 2, 2008, which required the Plaintiff to continue to remain on probation and to report to the probation office. (See, Doc. 1, Exh. p. 14).

The Court informed the Plaintiff in its prior Order regarding the law concerning probation officers. Probation officers including state probation officers are entitled to qualified immunity if their actions are "'within the scope of [their] discretionary authority.'" *O'Rourke v. Hayes*, 378 F.3d 1201, 1205 (11th Cir. 2004) (quoting *Hartsfield v. Lemacks*, 50 F.3d 950, 953 (11th Cir. 1995)). A court will consider whether the actions of the governmental officials were within the type of action that fell within their job responsibilities. *Id*. A court will inquire as to whether the government employee was "(a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize . . .)." *Id*. (quoting *Holloman v. Harland*, 370 F.3d 1252, 1266 (11th Cir. 2004)).

After reviewing the Amended Complaint and reviewing the exhibits to the original Complaint, the Court determines that the Plaintiff failed to state a claim upon which relief may be granted. Probation Officer Wehle issued an Affidavit, Violation of Probation. The Plaintiff has failed to show that the issuance of this Affidavit was outside of his discretionary authority. Probation officers routinely issue Affidavits concerning violations of probation. Further this violation of probation was dismissed by Judge Volz on June 2, 2008. The actions of Probation Officer Wehle was within his job description as a probation officer. Judge Volz required the Plaintiff to report to his probation officer

after his release. Probation Officer Marilyn Harvin was within her job description in requiring the Plaintiff to report to her and to follow Judge Volz's Order. The Court finds that the Plaintiff failed to state a cause of action upon which relief may be granted as to the two Defendants who are both probation officers. Therefore, the Court respectfully recommends that the Affidavit of Indigency construed as a Motion to Proceed *In Forma Pauperis* (Doc. 4) be denied and this action be dismissed.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this   29th   day of July, 2009.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE


Copies: All Parties of Record